Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NYCHEA LISH, an individual;<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>SUMMIT COLLECTION SERVICES, INC., a domestic corporation;<br><br>　　　　　　　　Defendant. | Case No.: 2:19-cv-01017<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET. SEQ. AND FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET. SEQ.**<br><br>**JURY DEMAND** |

Plaintiff, Nychea Lish ("Plaintiff"), by and through her attorney of record, Kevin L. Hernandez, Esq. of the Law Office of Kevin L. Hernandez, and for her claims for relief against Defendant, Summit Collection Services, Inc. ("Summit"), complains and alleges as follows:

### JURISDICTION AND VENUE

1.  This action arises out of Summit's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq*. ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

2.  This court has jurisdiction over this matter under 15 U.S.C. § 1681(p), 15 U.S.C. § 1692k, and U.S.C. § 1331.

3.  Under 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and Summit reside and/or do business in the District of Nevada.

4.  Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

## PARTIES

5. Plaintiff is an adult individual who resided in the State of Nevada during the times relevant to the Complaint.

6. Plaintiff is a natural person obligated or allegedly obligated to pay a debt, and therefore, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Summit is a domestic corporation company doing business in the State of Nevada.

8. Summit furnishes consumer credit information and data to the national consumer reporting agencies and is, therefore, a "furnisher" as that term is defined by 15 U.S.C. § 1681, *et. seq*.

9. Summit purchases, services, and collects defaulted consumer debts as its principal purpose, and as such, Summit is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Summit regularly collects or attempts to collect consumer debts owed or due another, or asserted to be owed or due another, and as such, Summit is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

12. Within the past year, Summit wrongfully engaged in collection activities against Plaintiff for an alleged financial obligation arising from a consumer transaction related to consumer towing (the "Debt").

13. Summit alleges Plaintiff incurred a consumer debt as a result of an alleged motor vehicle debt with a consumer creditor ("Creditor"), which was primarily for family, personal, or household purposes, and which meets the definition of a "debt" under 15 U.S.C § 1692a(5).

14. On October 25, 2018, Summit served a debt collection letter to Plaintiff to collect a debt for the Creditor totaling $4,271.86 (the "Debt").

15. In December 2018, Plaintiff sent a written dispute notice to Summit and the national credit bureaus disputing the validity of the Debt and advising that she did not owe the Debt.

16. After receiving the written dispute from Plaintiff, a Summit representative called Plaintiff and harassed her to collect the Debt by threatening Plaintiff with wage garnishment despite not having a valid judgment at the time of the threat.

17. The Summit representative forced Plaintiff to sign a purported settlement agreement for the Debt through intimidation and false threats of wage garnishment.

18. Summit improperly verified the Debt with the national credit bureaus and failed to note an ongoing consumer dispute.

## FIRST CLAIM FOR RELIEF

**[Violations of the FDCPA; 15 U.S.C. § 1692c, 1692d, 1692e(5), 1692e(8)]**

19. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

20. Summit violated 15 U.S.C. § 1692c(c) by contacting Plaintiff to collect the Debt after receiving her written demand to cease and desist communications.

21. Summit further violated 15 U.S.C. § 1692d by engaging in harassment and abuse to collect the Debt, including without limitation, contacting Plaintiff to collect the Debt despite Plaintiff's multiple demands to cease contact.

22. Summit further violated 15 U.S.C. § 1692d by engaging in harassment and abuse to collect the Debt, including without limitation, threatening Plaintiff with wage garnishment without a valid judgment to force a purported settlement agreement.

23. Summit violated 15 U.S.C. § 1692e(5) by threatening Plaintiff with wage garnishment before obtaining a valid judgment for the Debt.

24. Summit violated 15 U.S.C. § 1692e(8) by failing to communicate that Plaintiff disputes the validity of the Debt with the national credit bureaus.

25. The preceding acts and omissions of Summit constitute multiple intentional, reckless and/or negligent violations of the FDCPA, including every one of the above-cited provisions.

26. As a result of the above-referenced violations by Summit, Plaintiff is entitled to statutory damages, plus actual damages to be proven at the time of trial in this matter.

27. Plaintiff has been forced to retain the Law Office of Kevin L. Hernandez to pursue these claims and protect her legal rights and is therefore entitled to recover reasonable attorney's fees plus costs incurred under 15 U.S.C. § 1692k.

28. Plaintiff suffered actual harm as a direct and proximate result of Summit's actions through the embarrassment, intrusion, invasion of privacy, and wasted time associated with Summit's collection tactics referenced in this Complaint.

29. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

30. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## SECOND CLAIM FOR RELIEF

**[Violations of the FCRA, 15 U.S.C. § 1681s-2(b) against Summit]**

31. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

32. Summit violated the FCRA, 15 U.S.C. § 1681s-2(b), by continuing to report the false representations within Plaintiff's credit file with the national credit bureaus (Equifax, Experian, and Trans Union); by failing to investigate Plaintiff's dispute properly; by failing to review all relevant information regarding Plaintiff's dispute; by failing to respond to the national credit bureaus accurately; by failing to report results on Plaintiff's credit file correctly; and by failing to permanently and lawfully correct its own internal records to prevent the aforementioned violations.

33. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damage by loss of credit, and loss of ability to purchase and benefit from credit.

34. Plaintiff suffered further actual harm as a direct and proximate result of Summit's actions because her credit report does not reflect that she disputes the validity of the Debt, which she does not owe.

35. Summit's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

36. In the alternative, Summit was negligent in the above-referenced acts and omissions, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

37. As a direct and proximate result of the above-referenced violations by Summit, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

38. Plaintiff is entitled to recover costs and attorney's fees from Summit in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

39. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

40. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred;
2. For an award of actual damages;
3. For an award of statutory damages;
4. For an award of punitive damages; and
5. For such other further relief as the court deems proper.

Dated: June 14, 2019

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*            .
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
kevin@kevinhernandezlaw.com
***Attorney for Plaintiff***